**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY C. HARRINGTON, | ) | CASE NO. 3:25-CV-01412-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY | ) | CARMEN E. HENDERSON |
| ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant, | ) | |

## I. Introduction

Mary C. Harrington ("Harrington" or "Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  Currently pending is the Commissioner's motion to remand this case to the Commissioner and the ALJ under Sentence Four of 42 U.S.C. § 405(g) for further proceedings.  (ECF No. 11).  The matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b).  For the reasons set forth below, it is RECOMMENDED that the Court GRANT the Commissioner's motion.

## II. Procedural History

On August 29, 2016, Harrington filed applications for DIB and SSI, alleging a disability onset date of August 9, 2016.  (ECF No. 7, PageID #: 49).  Harrington's applications were denied initially, upon reconsideration, and, following a hearing before an administrative law judge ("ALJ"), in an April 5, 2019 written decision.  (*Id.* at PageID #: 49-69).  After the Appeals

Council declined further review, Harrington appealed the decision to this Court.  (*Id.* at PageID #: 35-37, 1642-43).  On July 26, 2021, the Court reversed the Commissioner's decision based on the ALJ's failure to consider Harrington's chronic vomiting and remanded the matter for further proceedings.  (*Id.* at PageID #: 1660-81).

After the first remand, the same ALJ held a second hearing on June 2, 2022.  (ECF No. 7, PageID #: 1534).  On June 29, 2022, the ALJ issued a new written decision, again finding Harrington was not disabled.  (*Id.* at PageID #: 1534-64).  Harrington appealed the decision directly to this Court, and on March 30, 2023, based on the parties' stipulation, the Court remanded for further proceedings.  (*Id.* at PageID #: 2289).  On remand, the Appeals Council ordered that the matter be assigned to a new ALJ, and that the ALJ give further consideration to medical opinions, obtain evidence from a medical expert related to claimant's chronic vomiting, and further consider her residual functional capacity ("RFC").  (*Id.* at PageID #: 2293-94).

On March 28, 2025, the new ALJ issued a written decision, again finding Harrington not disabled.  (ECF No. 7, PageID #: 2165-92).  Harrington appealed directly to this Court, filing her complaint on July 7, 2025.  (ECF No. 1).  Harrington asserts the following assignments of error:

> (1) The Commissioner failed to properly consider and discuss chronic vomiting and fibromyalgia at step two.
>
> (2) The Commissioner failed to properly apply the treating physician rule.
>
> (3) The Commissioner did not carry the burden of establishing alternative jobs at step five.

(ECF No. 8 at 1).  After Harrington filed her initial brief, the Commissioner moved to remand to the ALJ for further proceedings.  (ECF No. 11).  The motion is fully briefed.  (ECF Nos. 11, 12, 13).

2

**III. Applicable Law**

   **A. Standard for Disability**

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to supplemental-security income or disability-insurance benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her RFC; and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*

   **B. Standard of Review**

A claimant who has exhausted her administrative remedies—which include applying for benefits with the Social Security Administration, being denied initially and in a written decision by an ALJ, and receiving an adverse decision from the Appeals Council—may sue in federal court to challenge the decision. *Follen v. Comm'r of Soc. Sec.*, -- F.4th --, 2026 WL 381021, at *2 (6th Cir. 2026). The Court's review "is limited to determining whether the Commissioner's

3

decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g).  "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).  "If supported by substantial evidence and decided under the correct legal standard, the Commissioner's decision must be affirmed, even if this Court would decide the matter differently, and even if substantial evidence also supports the claimant's position." *Kestel v. Comm'r of Soc. Sec.*, 756 F. App'x 593, 596 (6th Cir. 2018) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)).

In addition to affirming a decision, a court has authority to modify or reverse the decision of the Commissioner, with or without remanding for a rehearing before the ALJ.  *Hicks v. Comm'r of Soc. Sec.*, No. 24-5946, 2025 WL 3688892, at *3 (6th Cir. Dec. 19, 2025) (citing 42 U.S.C. § 405(g)).  "When a nondisability determination is not supported by substantial evidence, [the court] must decide whether to reverse and remand the matter for further proceedings or to reverse and order benefits granted." *Id.* (quoting *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 865 (6th Cir. 2011)).

> In the mine-run of cases, a remand for further proceedings is most appropriate if substantial evidence does not support the ALJ's decision that the applicant is not disabled. *See Kalmbach*, 409 F. App'x at 865. But "remand for an immediate award of benefits may be made under sentence four of § 405(g)" in certain cases. *Wiser v. Comm'r of Soc. Sec.*, 627 F. App'x 523, 526 (6th Cir. 2015). An award of benefits is proper "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). And remand for consideration of further merits questions "may be foregone in rarer cases ... where remand would serve no meaningful purpose." *Smith*

4

    *v. Berryhill*, 587 U.S. 471, 488 n.21 (2019).

*Id.* (citation modified).

**IV. Analysis**

The Commissioner moves the Court, "pursuant to sentence four of 42 U.S.C. § 405(g), to enter judgment reversing the final decision of the Commissioner of Social Security and remanding this case for further administrative proceedings." (ECF No. 11 at 1). The Commissioner represents that after further review of the record, he "determined that this case should be remanded to the Commissioner for further evaluation of the evidence and issuance of a new decision." (*Id.* at 1). The Commissioner argues that remand "is the only appropriate remedy in this case because there is not overwhelming proof of disability and there are factual issues to be resolved by an ALJ." (*Id.* at 2).

In response, Plaintiff asks the Court to deny the motion or, alternatively, include in any remand order "a proviso that the claim must be considered by an [ALJ] who has not previously considered the claim with a new hearing to be held within 180 days." (ECF No. 12 at 1). Plaintiff asserts that she "initially filed her claim in 2016, meaning that her application has now been pending for nearly 10 years," during which time she has had no income. (*Id.* at 2). She argues that "further delay is not in the interest of justice or in keeping with the remedial purposes of the Social Security Act." (*Id.*). Plaintiff asks that the Court "weigh the hardship that will be imposed by the delay inherent in a remand with what could be accomplished in such proceedings," given that the current decision "contains the same errors that resulted in the first two remands." (*Id.* at 3). As to her alternative requests regarding assignment to a new ALJ and a time limit to conduct a new hearing, Plaintiff represents that such "would allow for a more

expeditious resolution of this case and would assure [Plaintiff] that she is truly being given a de novo opportunity to present her claim." (*Id.* at 4).

The Commissioner's reply "reserves his right to seek affirmance (based on harmless error or otherwise)" should the Court deny the motion to remand and require briefing.  (ECF No. 13). Citing *Follen*, 2026 WL 381021, the Commissioner asserts that any remand order should "clearly articulate that the remand is under sentence four of 42 U.S.C. § 405(g) and specify the merits errors that ground it." (*Id.* at 2).  The Commissioner indicates he was prepared to agree to a remand to allow the ALJ "to more fully evaluate the nature and severity of Plaintiff's Barrett's esophagus with chronic vomiting … and to more fully evaluate Plaintiff's fibromyalgia in accordance with Social Security Ruling 12-2p." (*Id.*).  The Commissioner argues the Court should not remand for an award of benefits because "Plaintiff does not press for such extraordinary relief except in passing" and "the record fails to firmly establish that Plaintiff was disabled." (*Id.*).  As to the request that the Court require a new ALJ to hear the case on remand, the Commissioner argues the most recent ALJ, who only heard the case once, "prepared a detailed decision and took pains to comport with the remand order by taking testimony from a medical expert to help evaluate Plaintiff's severe impairments and their impact on her RFC," such that there is "no reason to preclude her from hearing the case on remand." (*Id.*).  The Commissioner also argues the Court should not impose the requested time limitation because "[s]uch remand terms can easily lead to a number of unwarranted complications." (*Id.* at 3).

For the limited purposes of the present motion, the Commissioner essentially concedes that the ALJ erred in considering Plaintiff's chronic vomiting and fibromyalgia such that remand is warranted.  (*See* ECF No. 13 at 2).  Thus, the issue before the Court is whether to remand the case to the Commissioner for further proceedings now or order the parties to complete briefing

6

the merits—where the Commissioner will likely take a different position and assert that the ALJ's decision is supported by substantial evidence—and determine on the merits whether Plaintiff has established not only that the ALJ erred but also that she is entitled to remand for an immediate award of benefits rather than further proceedings.

While Plaintiff now opposes remand for further proceedings, it is worth noting that in her merit brief, Plaintiff seeks "either a remand for further proceedings or an award of benefits." (ECF No. 8 at 22).  Similar to her position in her opposition to the Commissioner's motion, Plaintiff concludes her merit brief by "suggest[ing] that perhaps a remand solely for an award of benefits is appropriate given the long treatment history, the very strong opinions from multiple treating sources and the failure of the Commissioner to justify denying this young woman the benefits she has now sought for nearly a decade." (*Id.* at 37).  However, Plaintiff fails to cite any law to support that the length of time her claim has been pending is a factor to consider in determining whether an award of benefits is appropriate.  Rather, the appropriate considerations are whether all essential factual issues have been resolved and the record adequately establishes Plaintiff's disability, or whether remand would serve no meaningful purpose.  *Hicks*, 2025 WL 3688892, at *3.

Having reviewed the record, it is not clear that all factual issues have been resolved, or that remand would serve no meaningful purposes.  In addressing the merits, Plaintiff largely argues that the ALJ's failure to properly apply the treating physician rule resulted in an improper determination of Plaintiff's severe impairments, Plaintiff's RFC, and whether work existed that she could perform.  (*See generally* ECF No. 8 at 22-36).  However, even if the Court were to accept Plaintiff's positions, such would not automatically entitle Plaintiff to an award of benefits because while there is evidence in the record that could support a finding of disability, there is

also evidence that would contradict such a finding.  As noted by the ALJ, there is evidence throughout the record reflecting Claimant's reports of her ability to care for her personal hygiene, perform light household chores, shop in stores, read, assist with the care of her pets, participate in social activities, and get along with authority figures.  (ECF No. 7, PageID #: 2177; *see id.* at PageID #: 337-344).  The ALJ also cited "grossly normal physical evaluations," "largely unremarkable gait, coordination, and range of motion throughout," and mental status exams that were "consistently unremarkable."  (*Id.* at PageID #: 2187-88; *see id.* at PageID #: 457, 460, 488, 513, 536, 950, 1066, 1077-78, 1157, 1274, 1280, 1229, 1357, 1367, 1400-02, 1474-75, 1497-1502, 1933, 2557-58, 2737, 2785).  Thus, this is not a situation where there is "no opposing evidence, such that remand would merely involve the presentation of cumulative evidence, and a denial of benefits on remand would necessarily be deemed unsupported by substantial evidence in the record."  *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 865 (6th Cir. 2011).  Accordingly, remand for further proceedings is the proper remedy.  *See Wiser*, 627 F. App'x at 527 ("While proper evaluation of the treating source opinions and evidence may result in a finding of disability, remand directing an award of benefits was not warranted.").

As to Plaintiff's alternative requests regarding assignment to a new ALJ and imposition of a time limit to consider her claims, Plaintiff wholly fails to cite any authority supporting her requests.  "To whom a case should be remanded is generally within the province of the Secretary's responsibility. Upon remand to the agency, absent exceptional circumstances, a case is assigned to the ALJ who issued the hearing decision. Courts generally do not intervene in that decision unless a movant demonstrates an ALJ's bias or partiality."  *Amy Lou G. v. Comm'r of Soc. Sec.*, No. 1:24-CV-491, 2025 WL 606459, at *1 (S.D. Ohio Feb. 25, 2025) (citation modified) (collecting authorities).  Because Plaintiff makes no assertion of bias nor is any

8

apparent on the record, "an order requiring the Commissioner to reassign this case to a different ALJ is not warranted."  *Besecker v. Astrue*, No. 3:07CV0310, 2008 WL 4000911, at *7 (S.D. Ohio Aug. 29, 2008) (citing *Howard v. Secretary of Health & Human Servs.,* 932 F.2d 505, 509 n. 2 (6th Cir.1991)).  Regarding the requested time limit, the Commissioner correctly indicates that such court-imposed limits on the administrative process are disfavored.  *See Heckler v. Day*, 467 U.S. 104, 110-11 (1984) ("We conclude that the legislative history makes clear that Congress, fully aware of the serious delays in resolution of disability claims, has declined to impose deadlines on the administrative process."); *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 264 (6th Cir. 2015) ("[C]ourts have limited authority to police the timeliness of Social Security disability adjudications.") (citing *Heckler*, 467 U.S. at 111-19); *Byars v. Sec'y of Health & Hum. Servs.*, 944 F.2d 904 (6th Cir. 1991) (finding "the district court abused its discretion and exceeded its authority by imposing mandatory deadlines for the completion of remand proceedings by the Secretary").  In the absence of contrary case law, Plaintiff has failed to establish that the requested time limit it warranted.

## V. Recommendation

Based on the foregoing, it is RECOMMENDED that the Court GRANT the Commissioner's motion, ECF No. 11, REVERSE the Commissioner's decision based on the ALJ's failure to consider Plaintiff's chronic vomiting and fibromyalgia and comply with the treating source rule, and REMAND this case to the Commissioner under Sentence Four of § 405(g) for further proceedings.

Dated: March 3, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

9

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).